PER CURIAM.
The attached amendments and revisions of the Florida Appellate Rules are hereby approved and adopted, the same to become effective July 1st, 1962. All rules, parts of rules, statutes or parts of statutes inconsistent with the amendments and rules hereby approved and adopted are hereby repealed.
ROBERTS, C. J., and TERRELL, THOMAS, DREW, THORNAL, O’CON-NELL and CALDWELL, JJ., concur.
Rule 2.1 a (2) (a) be and the same is hereby amended by adding thereto a sentence at the end thereof reading as follows, viz:
“The, Chief Justice shall have the power to order consolidation of such cases as he deems necessary.”
Rule 2.1 a (4) (c) be and the same is hereby amended by striking all of said rule and inserting in lieu thereof a new rule 2.1 a (4) (c) to read as follows, viz:
“(c) When any circuit judge is unable to perform the duties of his office on account of absence, sickness, disqualification or other disability, or because of assignment to special duty, or when necessary for the prompt dispatch of the business of the court, said circuit judge or the presiding judge of such circuit shall so advise the chief justice, who shall assign a justice of the Supreme Court, a judge of the district court, or judge of another circuit, to perform the duties of such judge; provided, however, that no order of assignment shall be necessary if there be another judge or judges of the circuit available to perform the duties of such judge, or the presiding judge may allocate the business of such judge to any judge or judges of the circuit; provided further, that should any judge be disqualified or recuse himself in any cause, such cause shall be reassigned to another judge in accordance with the local rules or practice of said circuit for assignment of business to the judges thereof.”
Rule 2.3 b be and the same is hereby amended by striking said rule and inserting in lieu thereof the following:
“b. Practice by Foreign Attorneys. Upon motion duly filed with the Court supported by proof that an attorney is a member in good standing of the Bar of another *140 state and that, under the rules of comity of such state, attorneys of Florida are similarly permitted to appear, attorneys of other states may be permitted to appear in particular cases in the Court, provided requests for such appearances have been made and granted prior to oral argument in the cause. Attorneys of other states shall not do a general practice in the Court unless they are members of The 'Florida Bar in good standing.”
Rule 2.3 d (3) be and the same is hereby amended by striking said rule and inserting in lieu thereof the following:
“(3) Additional Attorneys. After an appeal or other proceeding has been filed or docketed in the Court, additional authorized attorneys may appear and participate, prior to the time the cause is presented to the Court for decision on the merits, without the necessity of securing permission of the Court on filing written appearance in the office of the Clerk of the Court and serving a copy thereof upon opposing counsel prior to its filing.
“After the date any cause in the Court is presented to the Court for a decision on the merits, no additional attorneys other than the original attorneys of record or those who have noted their appearance in said cause prior to the date the same is presented to the Court for a decision on the merits shall be permitted to appear or participate therein except upon leave of the Court for good cause shown, and provided a copy of the application for leave to appear shall have been served upon opposing counsel at least five days prior to the entry of any order allowing such appearance.”
Rule 3.2 a, Florida Appellate Rules, as amended May 18, 1960, be and the same is hereby further amended by striking all of said rule and inserting in lieu thereof a new rule 3.2 to read as follows, viz:
“a. Method. An appeal shall be commenced by filing a notice of appeal and depositing the filing fee prescribed by law, which may be by check or money order payable to the clerk of the appellate court, with the clerk of the lower court. Within five days after the notice is so filed, the clerk of the lower court shall transmit a certified copy thereof to the clerk of the appellate court together with such filing fee. The copy so certified shall contain a certificate of the clerk of the lower court showing the date of the filing of such notice of appeal. Other proceedings shall be commenced by filing the initial pleading with the clerk of the Court and paying him the filing fee prescribed by law.”
Rule 3.2 d, Florida Appellate Rules, be and the same is hereby amended by adding thereto the following, viz:
“Any reviewable interlocutory order entered in any cause subsequent to the entry of the final judgment or decree but prior to the filing of the notice of appeal may be reviewed by the appellate court in the same manner as reviewable interlocutory orders entered prior to the date of such final judgment or decree. When appeal is from a final judgment or decree, it shall not be necessary to designate such, interlocutory orders by time and place of record in the notice of appeal. In such cases they shall be reviewable as so described in the assignments of error.”
Rule 3.2 f, Florida Appellate Rules, be and the same is hereby amended by striking all of said rule and inserting in lieu thereof a new Rule 3.2 f to read as follows:
“f. Payment of Costs by Original Plaintiff. No appeal may be taken by the original plaintiff in any suit or proceeding until he shall have first paid all costs that have accrued in and about the suit, and have been specifically taxed against him, up to the time the appeal is taken; provided, that nothing contained herein shall require the prepayment of costs by the original plaintiff when he has assigned as error the taxation of costs and has superseded the order, judgment or decree specifically taxing the same; provided further, that in those in *141 stances where the costs are not settled until after the notice of appeal is filed, the party obligated shall be required to pay the same within ten (10) days upon written demand, otherwise said appeal shall be dismissed upon motion.”
Rule 3.6 a he and the same is hereby amended to read as follows, viz:
“a. What Constitutes. The record-on-appeal shall consist either of an original record or a transcript of record, or a stipulated statement prepared in accordance with these rules. A transcript of record shall be used only when so ordered by the lower court or stipulated by the parties. Appellant, may, however, use a transcript as a matter of right if he elects to assume the cost thereof, which shall not be taxable as costs. Where a transcript of record instead of the original record is used, such transcript shall be printed, typewritten or duplicated in a clear readable manner such as by mimeograph on opaque white un-glossed paper not to exceed in size 8i/H x 14 inches. Lettering shall he black and distinct type, double spaced and with margins no less than one inch. Lettering in transcript or type made in imitation of handwriting will not be permitted. The record shall be bound and securely stapled or fastened and no volume shall contain more than 200 pages and the cover sheet of each volume shall state the style of the cause, the court from which it was appealed and the volume number and shall contain an appropriate index.”
Rule 36 j (1), Florida Appellate Rules, be and the same is hereby amended by adding the following sentence to paragraph 6 of said rule relating to the reporters’ transcribed notes, viz:
“An extension of time for filing the reporter’s transcribed notes in the office of the clerk of the lower court shall operate to extend for a like period the times fixed herein below for governing the filing of the record-on-appeal and for transmittal of the record-on-appeal.”
Rule 3.6 j (2), Florida Appellate Rules, be and the same is hereby amended by striking all of said rule and inserting in lieu thereof a new Rule 3.6 j (2) to read as follows:
“(2) Time Changes and Extensions. On motion and after reasonable notice, the above scheduled times may be reduced or enlarged as provided in Rule 3.8. An extension of time for the doing of an act shall automatically extend the time for the doing of other acts which bear a time relation to it. When an extension order is entered by the lower court, a certified copy thereof shall be filed promptly by the moving party with the clerk of the appellate court.”
Rule 3.6 k, Florida Appellate Rules, be and the same is hereby amended by striking therefrom the words “a motion to affirm the judgment,”.
Rule 3.7 d, Florida Appellate Rules, be and the same is hereby amended by adding thereto as an additional sentence the following, viz:
“Extension of time for filing briefs shall extend the time for transmittal of the record-on-appeal to the clerk of the appellate court as provided for in Rule 3.6 j (1).”
Rule 3.7 e (3) be and the same is hereby amended by striking all of said rule and inserting in lieu thereof a new Rule 3.7 e (3) to read as follows, viz:
“(3) Binding, Titles. Briefs shall be bound in book form and stitched or stapled, if printed, or securely stapled along the left side, if typewritten, with headings in capital letters, and, if printed, subheadings in bold type of not less than eleven points.”
Rule 4.2, subsections a and b, as amended, be and the same are hereby further amended by striking said subsections and inserting in lieu thereof new subsections a and b of said rule 4.2 to read as follows, viz:
“a. Application. Appeals to district courts from interlocutory orders at law re *142 lating to venue or jurisdiction over the person, appeals to the appropriate court from interlocutory orders or decrees in equity and orders, judgments or decrees entered in law or equity after final judgment or decree, except those relating to motions for new trial or reconsideration, may be prosecuted in accordance with this rule; provided that nothing in this rule shall preclude the review of an interlocutory order or decree in law or equity on appeal from the final judgment or decree as otherwise authorized by these rules; and provided, however, this rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari.
“b. Time for Filing. The notice of appeal, which shall designate the appeal as an interlocutory appeal, and assignments of error shall be filed simultaneously within sixty (60) days from the rendition of the order, judgment or decree sought to be reviewed.”
Rule 4.2 f be and the same is hereby amended by striking said rule and inserting in lieu thereof a new rule 4.2 f to read as follows, viz:
“f. Hearing and Dispositions. When oral arguments are requested, interlocutory appeals shall be set by the Court for argument at the earliest practicable date. The time allowed for oral argument in the Supreme Court shall be the same as for other oral arguments and in the district courts shall be as fixed by rules of such court. The appellate court may reserve ruling until final disposition of the cause by the lower court.”
Rule 4.5, Florida Appellate Rules, be and the same is hereby amended as follows, viz:
Paragraph a (1), as amended effective July 1, 1959, be and the same is hereby further amended by striking therefrom the words “certiorari” and “habeas corpus”.
Paragraph a (5) be and the same is hereby stricken.
Rule 4.5 c (3) and (4) be and the same is hereby amended by striking all of said Rule 4.5 c (3) and (4) and inserting in lieu thereof a new Rule 4.5 c (3) and (4) to read as follows:
“(3) Cross-petition of Respondent. If the respondent desires to have reviewed any adverse ruling in the decision, order, judgment or decree under review, he shall, within twenty days from the service on him of the documents provided in paragraph (2) of this rule, serve on petitioner a copy of his cross-petition for certiorari which shall be prepared in accordance with the requirements of the original petition, and such additional portions of the record as may be essential to such review.
“Respondent’s brief- — When filed. The respondent shall file his brief in opposition to the writ and, where a cross-petition is filed, in support of his cross-petition and serve a copy thereof on the petitioner within twenty days after he has been served with a copy of petitioner’s brief.
“(4) Reply Briefs. Petitioner shall file such reply brief as he deems necessary, and serve a copy of the same on respondent, within ten days after he has been served with a copy of respondent’s brief.
“Respondent shall have five days thereafter to file a reply brief in support of his cross-petition.”
Rule 5.3 b, Florida Appellate Rules, be and the same is hereby amended to read as follows, viz:
“b. Probate and Guardianship Proceedings and Cases Involving Estates of Infants. Every appeal in probate, guardianship or involving estates of infants shall, as a matter of right, operate as a super-sedeas if the appellant, within the time limited for taking the appeal, files in the office of the clerk of the lower court a supersedeas bond, with good and sufficient personal sureties or corporate surety ap *143 proved by said clerk, the terms, conditions and amount of which bond shall have been fixed by order of the lower court upon notice to the appellee; provided, that for an appeal from an order appointing or removing an executor, administrator, guardian or curator to operate as a supersedeas or have the effect of placing or keeping the estate in the possession of the party appealing, bond shall be required sufficient in amount and subject to such conditions, as may be fixed by the lower court, to fully indemnify all interested parties against any loss occasioned by virtue of said appeal or any defalcation or mismanagement of said estate during the pendancy of said appeal.”
Rule 5.8, Florida Appellate Rules, be and the same is hereby amended by striking said rule and inserting in lieu thereof the following, viz:
“When the decision, judgment, order or decree is for the recovery of money otherwise secured, the bond shall be conditioned to pay costs on appeal, interest (if legally chargeable) and damages for delay, together with such other and further conditions as shall be fixed by the lower court. In fixing the amount of such bond, the lower court shall take into consideration the adequacy of the security to cover the costs of appeal, interest and damages for delay.”
The Florida Appellate Rules are amended by adding thereto a new rule to be known as Rule 5.12 immediately following Rule 5.11 to read as follows, viz:
“Rule 5.12 Supersedeas bond not required of the state and its political subdivisions and their boards, commissions, etc.; security when required.—
“(1) When Security Not Required.— When the state or any of its political subdivisions, or any officer, board, commission ■or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal or petitions for certiorari, the filing of the notice of appeal or the petition for certiorari as the case may be shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no supersedeas bond need be given unless expressly required by the court.
“(2) Court May .Require Bond. — The court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal or certiorari.”
Rule 6.4, Florida Appellate Rules, be and the same is hereby amended by striking all of said rule and inserting in lieu thereof a new Rule 6.4 to read as follows, viz:
“Rule 6.4 How Appeal Taken; Notice of Appeal. An appeal may be taken only by filing with the clerk of the lower court a notice in writing stating that the appellant appeals from a judgment, order, ruling or sentence, as the case may be, and if the appeal be taken by a defendant, by depositing a filing fee in the amount prescribed by law, which may be by a check or money order payable to the clerk of the appellate court, with the clerk of the lower court unless the appellant is adjudged insolvent prior to the time of such filing; provided, however, that the state may, at its option, take an appeal authorized by Section 924.07 (4), Florida Statutes, by filing cross assignments of error, with such clerk in lieu of filing a formal notice of appeal. The notice of appeal or cross assignments of error, as the case may be, shall be signed by the prosecuting attorney or by the attorney general when the state takes an appeal from a trial court, and by the attorney general when the state takes an appeal from a district court of appeal. When an appeal is taken by the defendant, the notice of appeal shall be signed by him or his attorney. The appellee may waive the right to notice that an appeal has been taken. Upon the filing of a notice of appeal, the clerk of the court in which it is filed shall, within five days after such filing, send a certified copy of *144 such notice of appeal and the filing fee to the appellate court to which the appeal is taken and a certified copy, together with a statement of the offense charged or convicted of, to the attorney general if the appeal is to the Supreme Court or a district court of appeal, to the state attorney if the appeal is to a circuit court from any court other than a municipal court, and to the city attorney or, if there be none, to the mayor, if the appeal is from a municipal court.”
The Florida Appellate Rules are amended by adding thereto a new rule to be known as 6.61 immediately following Rule 6.6 to read as follows, viz:
“Rule 6.61 Power of Lower Court
“After the entry of an appeal, but before the record-on-appeal is filed in the Court, the things required to be done in the lower court or appellate court and objections to things done, including the fixing or extension of time within which they shall be done, shall be under the supervision of the lower court, subject to the control of the appellate court by motion on proper notice. A certified copy of any order entered by the lower court under this rule shall be filed by the moving party or parties with the clerk of the appellate court within S days after it is entered.”
Rule 6.9 b, Florida Appellate Rules, be and the same is hereby amended by deleting the comma after the word “error” in tne sixth line of the rule, inserting a period and deleting the remainder of the section relating to extensions of time.